

**U.S. Department of Justice**

United States Attorney

Eastern District of Louisiana

---

*Duane A. Evans*
*Assistant U.S. Attorney*

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana 70130*

*Telephone: 504-680-3069*
*Fax: 504-589-4395*

January 29, 2020

Honorable Susie Morgan
United States District Judge
Eastern District of Louisiana
500 Poydras Street, C322
New Orleans, Louisiana 70130

    Re:    United States v. Martha Buezo Martinez
              <u>Criminal Docket No. 19-113 "E" (5)</u>

Dear Judge Morgan:

      In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Martha Buezo Martinez, the defendant in the above-captioned proceeding. The defendant's undersigned counsel, Brian J. Capitelli, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

      The defendant, Martinez, has agreed to plead to Count 2 of the Bill of Information charging her with failure to account for and pay over employment taxes to the Internal Revenue Service, in violation of 26 U.S.C. § 7202. In exchange for the defendant's guilty plea, the Government will dismiss Count 1 at the time of sentencing. If the Court accepts the defendant's plea and if the defendant fully complies with this plea agreement, the Government will not bring any additional charges in the Eastern District of Louisiana arising from the defendant's conduct as it is detailed in the Factual Basis. Should the Government bring any such charges due to the plea not occurring, due to the Court not accepting the plea, due to the withdrawal of the plea, or due to a breach of this agreement by the defendant, the defendant waives any statute of limitations defense for such charges as would otherwise expire after the date she signs this agreement.

      The defendant acknowledges that she has a right to be indicted by a federal grand jury on the charge in the Bill of Information because that charge is a felony violation. The defendant has waived, in writing, her right to be charged by grand jury indictment. <u>See</u> Rec. Doc. No. 19.

DAE
BJC
MBM

Honorable Susie Morgan
January 29, 2020

The defendant further understands that, should the defendant's plea of guilty be accepted, the maximum penalty the defendant may receive as to Count 2 of the Bill of Information is five (5) years of imprisonment, a fine of not more than $250,000, or both, together with the costs of prosecution.

Further, the defendant understands that a mandatory special assessment fee of $100.00 per count shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to three years for Count 2, pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, the defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Defendant agrees to pay restitution to the Internal Revenue Service in the total amount of: $272,096, pursuant to 18 U.S.C. § 3663(a)(3). Defendant agrees that the total amount of restitution reflected in this agreement results from defendant's failure to pay FICA that was withheld from employees' paychecks from year 2013-2017 in the total amount of $169,096 and employer-portion FICA taxes from 2013 to 2017 in the amount of $103,000. Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

If, prior to the time of sentencing, the defendant has made the payments to the IRS that specifically address the above obligation, the Court may reduce the restitution amount to reflect such payments. The defendant understands that she bears the burden of demonstrating any such offsetting payments.

It is understood that the U.S. Attorney's Office has no authority to bind the IRS (Civil) and, consequently, it is understood that the defendant may face additional civil penalties and/or assessment by the IRS.

DAE
BJC
MBM

Honorable Susie Morgan
January 29, 2020

    Defendant agrees to send all payments made pursuant to the Court's restitution order to the Clerk of the Court at the following address:

United States District Court
Eastern District of Louisiana
Attn: Clerk of Court
500 Poydras Street, Room C151
New Orleans, LA 70130

    With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, defendant will provide the following information:

A. Defendant's name and Social Security number;
B. The District Court and the docket number assigned to this case;
C. Tax year(s) or period(s) for which restitution has been ordered; and
D. A statement that the payment is being submitted pursuant to the District Court's restitution order.

    Defendant agrees to include a request that the Clerk of the Court send the information, along with defendant's payments, to the IRS address below:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

    Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

    Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal the defendant's conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that the defendant may have the right to file collateral challenges to the defendant's conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela,

DAE
BJC
MBM

Honorable Susie Morgan
January 29, 2020

Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a. Waives and gives up any right to appeal or contest the defendant's guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of the defendant's sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b. Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which the defendant's sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c. Waives and gives up any right to challenge the defendant's sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to the defendant's sentence of any kind; and

d. The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that any discussions with the defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised

Page 4 of 6

DAE
BJC
MBM

Honorable Susie Morgan
January 29, 2020

release. The defendant is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and Section 1B1.3 of the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in, the nature and circumstances of the offenses, and the history and characteristics of the defendant.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive the defendant's rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws her decision to plead guilty, her guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice(s) of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice(s) of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge(s) of conviction. The defendant hereby withdraws any petition for remission or claim for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal, or collateral attack.

The defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets currently or previously within the defendant's possession. It is also understood that the defendant will provide any and all financial information and documentation requested by the government, agrees to voluntarily execute a complete and thorough Financial Statement of Debtor, and further agrees to provide the requested List of Items that is attached to the Financial Statement. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of the defendant's conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to the defendant's inclusion in the Treasury Offset Program. The defendant understands that the statements set forth above and in the attached **SEALED** document (Attachment A) represents

DAE
BJC
MBM

Honorable Susie Morgan
January 29, 2020

defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

PETER G. STRASSER
UNITED STATES ATTORNEY

_____  1/29/2020
DUANE A. EVANS            Date
Assistant United States Attorney

_____  1/29/20
BRIAN J. CAPITELLI        Date
Attorney for MARTHA BUEZO MARTINEZ

_____  1/29/2020
MARTHA BUEZO MARTINEZ     Date
Defendant

DAE _____
BJC _____
MBM MBM