UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.  19-113 |
| VERSUS | * | SECTION: "E" (5) |
| MARTHA BUEZO MARTINEZ | * | |

\* \* \*

GOVERNMENT'S RESPONSE TO
DEFENDANT'S SENTENCING MEMORANDUM

**NOW INTO COURT** comes the United States of America, appearing through the undersigned United States Attorney, who respectfully submits to this Honorable Court the following memorandum.

The United States Attorney's Office for the Eastern District of Louisiana filed a bill of information against Martha Buezo Martinez ("Martinez") on June 4, 2019.  The bill of information charged Martinez with two (2) counts of Failure to Account for and Pay over Employment Taxes pursuant to 26 U.S.C. §7202.  (Rec. Doc. No. 1).  Martinez pled guilty to Count 2 pursuant to a plea agreement.  (Rec. Doc. Nos. 31-32).  The factual basis described how Martinez, from 2013-2017, failed to pay both Federal Insurance Contribution Act ("FICA") and payroll taxes to the federal Internal Revenue Service ("IRS").  (Rec. Doc. No. 33). Martinez collected the tax proceeds as the sole business officer of Infinity Construction Resources, Inc. ("Infinity").  In all, Martinez failed to pay, on behalf of Infinity, $272,096 in tax proceeds to the IRS.  (Rec. Doc. No. 32, p. 2; Rec. Doc. No. 33, p. 3).  Between February 2020

to July 2021 and pursuant to the plea agreement, Martinez made restitution payments equal to $35,000.00 to the IRS. (Attachment "A")

The Presentence Report ("PSR") assigned a base offense level of eighteen (18) pursuant to Federal Sentencing Guidelines ("Guidelines") §2T4.1(G). (Rec. Doc. No. 55, p. 8). This Court granted a three (3) level downward adjustment to Martinez's offense level pursuant to Guidelines §3E1.1(b). (Rec. Doc. No. 60). Martinez's total offense level is 15 and her criminal history category is I, resulting in a 18-24 month advisory sentencing guideline range. (Rec. Doc. No. 55, p. 12). Martinez's sentencing range falls squarely within Zone D of the Sentencing Table but she is eligible for probation.[1] On July 7, 2021, Martinez filed a sealed request that she be sentenced to a term of probation or home confinement. For the reasons stated below, her request should be granted.

1. The Federal Sentencing Guidelines

There is no dispute that Guidelines are advisory "[b]ut a district court still must consult those Guidelines and take them into account when sentencing." *United States v. Ochoa*, 977 F.3d 354, 356 (5th Cir. 2020) (citation omitted). Prior to imposing a sentence that is either above or below a calculated Guideline range, a district court should:

> [F]irst ensure that [it] committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the §3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

---

[1] Martinez is eligible for probation because: (1) she was not convicted of an offense that is a Class A or Class B felony and she is an individual; (2) her offense of conviction does not expressly preclude a probationary sentence; and (3) she is not being sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense. *See* 18 U.S.C. §3561.

2

*Gall v. United States*, 128 S.Ct. 586, 597 (2007); *accord United States v. Williams*, 517 F.3d 801, 808 (5th Cir. 2008).

"An appeals court may not require 'extraordinary circumstances' to justify a sentence outside the guidelines range." *United States v. Taffaro*, 919 F.3d 947, 949 (5th Cir. 2019) (citation omitted). "[T]he Guidelines serve as a frame of reference for non-Guideline sentences, and the more a sentence varies from the applicable Guideline sentence, the more compelling the district court's justification based on the §3553(a) factors must be." *United States v. Douglas*, 569 F.3d 523, 526 (5th Cir. 2009) (citation omitted). A district court is afforded due deference when deciding whether "the §3553(a) factors, on a whole, justify the extent of the variance." *United States v. Nguyen*, 854 F.3d 276, 283 (5th Cir. 2017) (citations omitted).

Title 18, United States Code, Section 3553(a) states:

(a) **Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed;

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under 994(p) of title 28; and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a). A district court "may rely upon factors already incorporated by the Guidelines to support a non-Guidelines sentence." *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008) (citation omitted).

The cases cited to by Martinez are distinguishable. In *United States v. Rowan*, 530 F.3d 379 (5th Cir. 2008), the Court granted a downward sentencing variance but the Government convicted the defendant of possession of child pornography. *Id.* at 380. Similarly, possession of child pornography was the offense of conviction in *United States v Duhon*, 541 F.3d 391, 394 (5th Cir. 2008). In *Duhon*, the Fifth Circuit granted a downward variance after placing some emphasis on the defendant's need for physiological medical treatment. *Id.* at 397. The Court in *Duhon* noted similarities to *Rowan* that served as basis for affirmance of the district court's downward variance order. *Id.* at 399. Here, there are no pressing psychological or mental health issues raised by Martinez.

In *United States v. Holz*, No. 03-2059, 118 F. App'x, *928 (6th Cir. Dec. 21, 2004), the Sixth Circuit affirmed the District Court's decision to grant downward departure in a false tax return case based on the combined impact of family and business concerns. The district court concluded that the appropriate sentencing guidelines range was twelve to eighteen months imprisonment but granted a downward departure to three years' probation based on the "aggregate" factors of the business impact and family circumstances. *Id.* at *930. The Sixth Circuit concluded that the defendant was "uniquely able" to care for his wife, who had documented mental health problems (nervous breakdowns and suicidal ideation). *Id.* at *933. Additionally, the defendant's daughter could not care for defendant's wife on account of her own health issues. *Id.* Further, the defendant's business venture and three employees' interests were dependent on defendant's continued involvement. *Id.* at *939.

5

In *United States v. Milikowsky*, 65 F.3d 4 (2d Cir. 1995), the Second Circuit affirmed a departure under "extraordinary" circumstance of the negative impact on defendant's business alone. The Second Circuit affirmed the District Court's reasoning that the "loss of his daily guidance would extraordinarily impact" his nearly 200 employees. *Id.* at 6. The court noted employee and associate testimonies of defendant's "indispensability from business," how the defendant was the "only individual with the knowledge, skill, experience, and relationship" to run the projects, and that two outside companies were relying on defendant's "personal involvement" in fear of facing bankruptcy. *Id.* at 8. Second Circuit noted that "business ownership alone, or even ownership of a vulnerable small business, does not make downward departure appropriate." *Id.* at 9.

Here, Martinez is requesting a downward variance pursuant to 18 U.S.C. §3553(a). (Rec. Doc. No. 58) (Sealed). Martinez is the President, Director, and sole officer of Infinity. (Rec. Doc. No. 33, p. 1). The government does not dispute Martinez's factual representations regarding her personal life, job/business history, age, and her decision to make amends (as evidenced by her pre-sentence restitution payments). She does not have a criminal history nor does it appear that she used the monies to support an extravagant lifestyle. Further, the Government, on behalf of the taxpayers, is very interested in being repaid in quick fashion. Martinez is not a politician nor public servant. Martinez knows that she committed federal crimes and has exhibited remorse. This Court will be able to gauge the level of remorse when Martinez appears for her sentencing hearing.

All said, the Government believes that based on the facts of this particular case and for this particular defendant, a sentence other than incarceration should be considered. In fact, a sentence to home detention or probation would be appropriate because such a sentence would

provide a just punishment, address the need to afford adequate deterrence to criminal conduct, protect the public from further crimes, and provide continued and prompt restitution payments to the taxpayers.[2]

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY

/s/ Duane A. Evans
DUANE A. EVANS
La. Bar Roll No. 24086
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3069
duane.evans@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2021, I hand delivered a copy to defense counsel of record.

/s/ Duane A. Evans
DUANE A. EVANS
United States Attorney

---

2  The Government notes that factoring the $35,000.00 in restitution payments, Martinez's advisory guidelines sentencing range recommendation would appear in Zone C of the Sentencing Table. *See* U.S. SENT'G GUIDELINES MANUAL, Ch.5 Pt. A (U.S. SENTENCING COMM'N 2018). Even if Zone C applied to Martinez's sentence, she could still face some form of imprisonment. *See* U.S. SENT'G GUIDELINES MANUAL, §5C1.1(d) (U.S. SENTENCING COMM'N 2018).